

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

___

No. 07-18-00127-CR

___

JUSTIN CLARK CYR, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

___

On Appeal from the 106th District Court
Gaines County, Texas[1]
Trial Court No. 18-4836, Honorable Jay Gibson, Presiding

___

May 13, 2019

## MEMORANDUM OPINION

Before CAMPBELL and PIRTLE and PARKER, JJ.

Appellant, Justin Clark Cyr, pleaded not guilty to the offense of injury to a child.[2] Following a jury trial, appellant was convicted of the offense and sentenced to life imprisonment and a $10,000 fine. Appellant timely filed his notice of appeal. In

___

[1] Pursuant to the Texas Supreme Court's docket equalization efforts, this case was transferred to this Court from the Eleventh Court of Appeals. *See* TEX. GOV'T CODE ANN. § 73.001 (West 2013).

[2] *See* TEX. PENAL CODE ANN. § 22.04(a)(1), (2) (West 2019).

presenting this appeal, counsel has filed an *Anders*[3] brief in support of a motion to withdraw. We grant counsel's motion and affirm the judgment.

In support of his motion to withdraw, counsel certifies that he has conducted a conscientious examination of the record and, in his opinion, the record reflects no reversible error upon which an appeal can be predicated. *Id.* at 744; *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008). In compliance with *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978), counsel has discussed why, under the controlling authorities, there are no reversible errors in the trial court's judgment. Counsel notified appellant by letter of his motion to withdraw; provided him a copy of the motion, *Anders* brief, and appellate record; and informed him of his right to file a pro se response. *See Kelly v. State*, 436 S.W.3d 313, 319-20 (Tex. Crim. App. 2014) (specifying appointed counsel's obligations on the filing of a motion to withdraw supported by an *Anders* brief). By letter, this Court also advised appellant of his right to file a pro se response to counsel's *Anders* brief, and appellant has filed a pro se response. The State did not file a brief.

By his *Anders* brief, counsel discusses areas in the record where reversible error may have occurred but concludes that the appeal is frivolous. We have independently examined the record to determine whether there are any non-frivolous issues that were preserved in the trial court which might support this appeal but, like counsel, we have found no such issues. *See Penson v. Ohio*, 488 U.S. 75, 80, 109 S. Ct. 346, 102 L. Ed. 2d 300 (1988); *In re Schulman*, 252 S.W.3d at 409; *Gainous v. State*, 436 S.W.2d 137, 138 (Tex. Crim. App. 1969). After carefully reviewing the appellate record, counsel's brief,

---

[3] *See Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967).

and appellant's pro se response, we conclude there are no plausible grounds for appellate review.

Accordingly, we grant counsel's motion to withdraw[4] and affirm the judgment of the trial court.

Judy C. Parker
Justice

Do not publish.

---

[4] Counsel shall, within five days after the opinion is handed down, send appellant a copy of the opinion and judgment, along with notification of appellant's right to file a pro se petition for discretionary review. *See* TEX. R. APP. P. 48.4. This duty is an informational one, not a representational one. It is ministerial in nature, does not involve legal advice, and exists after the court of appeals has granted counsel's motion to withdraw. *In re Schulman*, 252 S.W.3d at 411 n.33.